# EXHIBIT A

# Case #2020CI23686

**Name**: JESUS E GONZALEZ

**Date Filed** : 12/9/2020

**Case Status** : PENDING

**Litigant Type** : PLAINTIFF

**Court** : 131

**Docket Type** : OTHER INJURY OR DAMAGE

**Business Name** : 2020CI23686

**Style** : JESUS E GONZALEZ

**Style (2)** : vs CHARTER COMMUNICATIONS INC

# Case History

*Currently viewing all records*

| Sequence | Date Filed | Description |
|---|---|---|
| P00003 | 1/8/2021 | ORIGINAL ANSWER OF<br>CHARTER COMMUNICATIONS INC DBA SPECTRUM |
| S00001 | 12/11/2020 | CITATION<br>CHARTER COMMUNICATIONS INC<br>ISSUED: 12/11/2020 |
| P00002 | 12/9/2020 | PETITION |
| P00001 | 12/9/2020 | JURY FEE PAID |

FILED
12/9/2020 12:44 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Martha Medellin

CIT PPS

**2020CI23686**

W JD

CAUSE NO. _____

| | | |
|---|---|---|
| JESUS E. GONZALEZ | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | 131st JUDICIAL DISTRICT |
| | § | |
| CHARTER COMMUNICATIONS, INC. | § | |
| D/B/A SPECTRUM | § | |
| Defendant. | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, **JESUS E. GONZALEZ**, Plaintiff, filing this Original Petition and Requests for Disclosure complaining of **CHARTER COMMUNICATIONS, INC. D/B/A SPECTRUM**, Defendant, and shows:

### I. DISCOVERY LEVEL

Plaintiff intends that discovery be conducted under Level 3.

### II. THE PARTIES

Plaintiff is an individual who resides in Bexar County, Texas. The last three digits of Plaintiff's Driver License Number are 615. The last three digits of Plaintiff's Social Security number are 307.

Defendant, **CHARTER COMMUNICATIONS, INC. D/B/A SPECTRUM**, is a corporation which may be served with by and through its registered agent, Corporation Service Company dba CSC – Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701. **Citation for service of process is requested at this time.**

---

## III. JURISDICTION & VENUE

Venue is proper in Bexar County, Texas since it is the county where all or a substantial portion of the events giving rise to this claim occurred. This Court has jurisdiction over the subject matter and parties, and the amount in controversy is within the jurisdictional limits of this Court.

## IV. FACTUAL ALLEGATIONS

On or about February 22, 2020, Plaintiff was at his home located at 8214 Glen Boro in San Antonio, Texas. At that time, Plaintiff went into his backyard when he tripped and fell due to faulty, negligent maintenance and/or installation of a cable wire that had been installed by Defendant and had been left exposed. The faulty and/or negligently installed cable presented a dangerous condition that was known and created by, or, in the exercise of reasonable diligence, should have been discovered by, Defendant. As a direct and proximate result of the fall, Plaintiff suffered severe and permanent personal injuries for which he now sues.

## V. NEGLIGENCE

Plaintiff alleges that Defendant, its agents, servants, and/or employees, who were acting in the course and scope of their employment, were guilty of negligence toward the Plaintiff in the following respects:

1. In creating a dangerous condition that it knew existed or in the exercise of reasonable diligence should have discovered;

2. In failing to correct a dangerous condition that they knew existed or in the exercise of reasonable diligence should have discovered; and

3. In failing to warn or protect Plaintiff against known dangerous conditions or conditions that in the exercise of reasonable diligence should have been discovered.

Plaintiff alleges that each and every, all and singular, of the aforementioned acts and/or omissions on the part of the Defendant, its agents, servants, and/or employees, constitutes negligence that was the direct/proximate cause of the injuries and damages sustained by Plaintiff.

## VI. DAMAGES

Plaintiff would show that as a direct result of the negligence of the Defendant, its officers, agents, employees, and/or servants, he was caused to suffer serious and permanent personal injuries. Plaintiff has incurred the following damages:

a. Physical pain and mental anguish from the date of injury, until the date of trial;
b. Physical pain and mental anguish that, in all reasonable probability, Plaintiff will suffer in the future;
c. Physical impairment and physical disfigurement in the past;
d. Physical impairment and physical disfigurement that, in all reasonable probability, Plaintiff will suffer in the future; and
e. Reasonable and necessary medical expenses incurred from the date and time of injury, and that will in all reasonable probability be incurred in the future.

Plaintiff alleges that these sums, taken cumulatively, are well in excess of the minimum jurisdictional limits of this Court for which Defendant should be made to pay. Plaintiff seeks monetary relief over $200,000, but not more than $1,000,000.

## VII. REQUESTS FOR DISCLOSURE

Plaintiff requests that the Defendant respond to the disclosures mandated by Rule 194 of the Texas Rules of Civil Procedure within fifty (50) days of its receipt of this petition.

## VIII. NOTICE OF DEMAND FOR PRESERVATION

This notice is to formally demand preservation of any evidence related to the subject incident, inclusive of but not limited to documents and items responsive to Plaintiff(s)' Discovery Requests. If you fail to properly secure and preserve these important pieces of evidence, there will be a legal presumption that the evidence would have been harmful to your side of the case. If you fail to preserve and maintain this evidence, we will seek any sanctions available under the law. The destruction/ alternation, or loss of any evidence be maintained and preserved and not be destroyed, modified, altered, repaired, or changed in any manner. WE REQUEST THAT YOU IMMEDIATELY PRINT AND SAVE ON PAPER ALL OF THE ELECTRONIC RECORDS REQUESTED HEREIN AND IN ALL FUTURE REQUESTS, IN ADDITION TO ELECTRONICALLY PRESERVING ALL ELECTRONIC RECORDS.

## IX. NOTICE OF SELF-AUTHENTICATION

Pursuant to Rule 193.7 of the Texas Rules of Civil procedure, Defendant(s) is hereby noticed that the production of any document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial.

## X. PRIVILEGE LOG REQUEST

If Defendant(s) seeks to exclude from discovery any information, documents or tangible things herein sought by claiming that material or information otherwise responsive to this written discovery is privileged, please consider this document to be Plaintiff(s)' request for a privilege log

that generally identifies and/or describes the withheld information, documents, or tangible things pursuant to the Tex. R. Civ. P.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that, upon final trial, he recovers a judgment against Defendant for damages in excess of the minimum jurisdictional limits of the Court, pre-and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which he may be justly entitled.

Respectfully submitted,

GENE TOSCANO, INC.
846 Culebra Road
San Antonio, Texas 78201
Telephone: 210/732.6091
Telecopier: 2101/735.4167

By: /s/ Andrew E. Toscano
ANDREW E. TOSCANO
State Bar No. 00786832
atoscano@genetoscano.com

**ATTORNEYS FOR PLAINTIFF**
**JESUS E. GONZALEZ**

PRIVATE PROCESS

Case Number: 2020-CI-23686


2020CI23686 S00001

**JESUS E GONZALEZ**
**VS.**
**CHARTER COMMUNICATIONS INC**
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
131st JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

12/15/20

Directed To: CHARTER COMMUNICATIONS INC DBA SPECTRUM
BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY
DBA CSC-LAWYERS INCORPORATING SERVICE COMPANY

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE , a default judgment may be taken against you." Said ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE was filed on the 9th day of December, 2020.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 11TH DAY OF DECEMBER A.D., 2020.

ANDREW E TOSCANO
ATTORNEY FOR PLAINTIFF
846 CULEBRA RD
SAN ANTONIO, TX 78201-6244



Mary Angie Garcia
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Alexandra Johnson*, Deputy

---

| JESUS E GONZALEZ VS CHARTER COMMUNICATIONS INC | **Officer's Return** | Case Number: 2020-CI-23686 Court: 131st Judicial District Court |

I received this CITATION on **14 Dec '20** at **1620** o'clock **P** M. and:( ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE the date of delivery endorsed on it to the defendant, _____, in person on the _____ at _____ o'clock ___M. at:_____ or ( ) not executed because _____

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____ County, Texas
By:_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____, _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of _____, 20_____.

Declarant

ORIGINAL (DK002)

FILED
1/8/2021 12:59 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Luis Herrera

Case 5:21-cv-00033-OLG   Document 1-2   Filed 01/15/21   Page 10 of 14

CAUSE NO. 2020CI23686

| | | |
|---|---|---|
| JESUS E. GONZALEZ | § | IN THE DISTRICT COURT |
|     Plaintiff | § | |
| | § | |
| vs. | § | |
| | § | 131ST JUDICIAL DISTRICT |
| CHARTER COMMUNICATIONS, INC. | § | |
| D/B/A SPECTRUM | § | |
|     Defendant | § | BEXAR COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes, improperly named Defendant, CHARTER COMMUNICATIONS, INC. D/B/A SPECTRUM, and files its Original Answer in the above numbered and entitled cause of action as follows:

**I.**

Defendant denies each and every allegation contained in Plaintiff's Original and subsequent Petitions and demands strict proof thereof.

**II.**
**OBJECTION TO IMPROPER PARTY AND VERIFIED DENIAL**

Defendant further pleads that CHARTER COMMUNICATIONS, INC. D/B/A SPECTRUM is not the proper party to this lawsuit and is not liable in the capacity sued. The proper corporate defendant that was responsible for operations, training, supervising, and matters related to the area of Bexar County, Texas at that time was SPECTRUM GULF COAST, LLC. Specifically, improperly named Defendant denies that it employed, controlled, or contracted with any person or entity whose alleged negligence caused or contributed to cause the alleged injuries for which Plaintiff seeks damages.

1 | P a g e

## III.
## SPECIAL DENIAL: NO PROXIMATE CAUSE

Defendant specially denies that the incident, injuries, and damages complained of by Plaintiff were proximately caused by any negligent act, omission, and/or conduct on the part of Defendant.

## IV.
## PLAINTIFF'S PERCENTAGE OF RESPONSIBILITY REQUIRES REDUCTION OF DAMAGES

In the alternative, Defendant pleads that Plaintiff failed to exercise ordinary care, caution and/or prudence and was negligent; and, that Plaintiff's own negligence was a contributing proximate cause of the incident, injuries, and/or damages which are the subject of this suit, and requires reduction of any damages recovered by Plaintiff by a percentage equal to Plaintiff's percentage of Responsibility, as provided by Section 33.012 of the Texas Civil Practice and Remedies Code.

## V.
## CONTRIBUTORY NEGLIGENCE

In the alternative, Defendant pleads that Plaintiff was negligent for failing to keep a proper lookout, watch where he was going, and not acting as a reasonably prudent person under the same or similar circumstances and such negligence was a sole proximate cause or alternatively a producing cause of the incident, injuries, and/or damages which are the subject of this suit and requires a reduction of damages recovered by Plaintiff.

## VI.
## PLAINTIFF'S NEGLIGENCE WAS SOLE PROXIMATE CAUSE

Defendant further alleges and pleads that Plaintiff failed to exercise ordinary care, caution and/or prudence and was negligent; and, that Plaintiff's negligence was the sole proximate cause of the incident, injuries, and/or damages which are the subject of this suit, or in the alternative,

3 | P a g e

were a proximate cause of same.

## VII.
## PLAINTIFF'S PERCENTAGE OF RESPONSIBILITY IS MORE THAN FIFTY (50%) PERCENT

In the alternative, Defendant pleads that Plaintiff's own negligence was a contributing proximate cause of the incident, injuries, and damages which are the subject of this suit, and that Plaintiff's comparative responsibility for same was more than fifty (50%) percent. Pursuant to Section 33.001 of the Texas Civil Practice and Remedies Code, Plaintiff is therefore barred from recovery.

## VIII.
## PAID AND INCURRED MEDICAL EXPENSES

Defendant is entitled to offset and/or credit pursuant to Section 41.0105 of the Texas Civil Practice & Remedies Code, and the holding of *Haygood v. De Escobedo*, 356 S.W.3d 390 (Tex. 2011), which limit any recoverable medical and expenses (which are disputed) to the amounts actually paid or accepted by providers after write-offs or discounts, rather than the amounts which may be reflected in charges.

WHEREFORE, PREMISES CONSIDERED, improperly named Defendant**,** CHARTER COMMUNICATIONS, INC. D/B/A SPECTRUM, prays that upon final trial and hearing of this matter, judgment is entered that Plaintiff takes nothing, that he is discharged with his costs, and for such other and further relief to which Defendant may show itself justly entitled.

                                              Respectfully submitted,

                                              LAW OFFICE OF MARC A. NOTZON, P.C.
                                              120 Austin Highway, Suite 102
                                              San Antonio, Texas 78209
                                              (210) 821-5366
                                              (210) 821-5334 FAX

**4 |** P a g e

By: _____
MARC A. NOTZON
State Bar No. 15119010
marc@notzonatlaw.com
RAQUEL G. PÉREZ
State Bar No. 00784746
raquel@notzonatlaw.com

ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the above and foregoing document was served this 8th day of January 2021, upon the following:

**VIA ELECTRONIC SERVICE**
Andrew E. Toscano
GENE TOSCANO, INC.
846 Culebra Road
San Antonio, Texas 78201
atoscano@genetoscano.com
ATTORNEYS FOR PLAINTIFF

_____
MARC A. NOTZON

CAUSE NO. 2020CI23686

| | | |
|---|---|---|
| JESUS E. GONZALEZ | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| vs. | § | |
| | § | 131ST JUDICIAL DISTRICT |
| CHARTER COMMUNICATIONS, INC. | § | |
| D/B/A SPECTRUM | § | |
| Defendant | § | BEXAR COUNTY, TEXAS |

## VERIFICATION

| | |
|---|---|
| STATE OF MISSOURI | § |
| | § |
| COUNTY OF ST. LOUIS | § |

On this day personally appeared Louis Caraballo who on his oath states that he has read the foregoing Verified Denial set forth in Section II above and the facts and statements contained therein are true and correct, to the best of his knowledge.

_____
LOUIS CARABALLO

SUBSCRIBED AND SWORN TO BEFORE ME, on this the 7th day of January 2021, to certify which witness my hand and seal of office.

_____
Notary Public in and for the
STATE OF MISSOURI

SUZANNE R. CARICH
Notary Public, Notary Seal
State of Missouri
St. Louis County
Commission # 14392215
My Commission Expires 12-10-2022